PHELPS STEIN, Respondent, *v.* PHILIP A. FEINBERG, Appellant, and PHILIP A. FEINBERG, INC., Defendant.

Supreme Court, Appellate Term, First Department, November 10, 1930.

*Joshua S. Chinitz,* for the appellant.

*Yankauer, Davidson & Mann* [*C. Ira Funston* of counsel], for the respondent.

PER CURIAM. Plaintiff, a tenant, and defendant, his subtenant, entered into an agreement in writing that if defendant was in possession of leased premises after the end of the term defendant would pay plaintiff $500 for certain designated store partitions, electric wiring, etc. The complaint proceeds on theory of goods sold and delivered. Defendant contends plaintiff had no title to the fixtures for the reason that they were realty and the property of the owner of the fee. In view of the nature of the plaintiff's action, he had to establish his title to the goods, as every sale of personal property involves an implied warranty of good title in the seller. (Pers. Prop. Law, § 94.) The test of plaintiff's title was whether

the fixtures were to be deemed realty or personalty as between plaintiff and his landlord. The written agreement of the parties hereto did not control that issue.

Questions of fact exist as to the method of fixation, etc., of the property which must be resolved in order to determine plaintiff's title. It was error to award summary judgment.

Judgment and order reversed, with ten dollars costs, and motion denied.

All concur; present, LYDON, LEVY and CALLAHAN, JJ.